```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
                                                :
SHONE BROWN,                                    :
                                                :
                        Plaintiff,              :
                                                :           13-cv-6912 (TPG)
            – against –                         :
                                                :           OPINION
THE CITY OF NEW YORK, et al.,                   :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-13-15

On September 30, 2013, plaintiff Shone Brown commenced this action alleging violations of his constitutional and common law rights in connection with an incident that he alleges occurred on July 15, 2012, while he was a pretrial detainee at the George Motchan Detention Center, a New York City Department of Correction ("DOC") facility on Rikers Island. In his September 30, 2013 complaint ("Original Complaint"), Plaintiff alleged that he was seriously injured when he was attacked by four inmates who were members of the Bloods gang, and that correction officers watched plaintiff being assaulted for twenty minutes without intervening and then prepared false reports related to the incident.

Defendants answered the Original Complaint, and, on April 16, 2015, moved to dismiss certain claims contained in the Original Complaint pursuant to Federal Rule of Civil Procedure 12(c). Three times plaintiff requested and was granted an extension of time in which to file

his opposition to that motion. The last extension expired on May 26, 2015, without plaintiff having filed a response.

However, on June 2, 2015, plaintiff filed a motion for leave to file an amended complaint. Plaintiff seeks to add new factual allegations, add or join new defendants, remove certain causes of action, and remove some defendants. The motion was plaintiff's first request to amend the complaint. Defendants oppose plaintiff's motion on the ground that the proposed amendment would be futile.

Leave to amend a pleading should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). "[I]t is rare that such leave should be denied, . . . especially when there has been no prior amendment." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, the court may deny leave where there has been undue delay, bad faith, or dilatory motive on the part of the plaintiff, where there has been repeated failure to cure deficiencies by amendments previously allowed, where the opposing party would suffer undue prejudice, or where the proposed amendment would be futile. *Foman*, 371 U.S. at 182. A proposed amendment is futile if it could not withstand a motion to dismiss. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Ultimately, the trial court has "broad" discretion when ruling on a motion to amend. *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Consistent with the liberal standard for amending a pleading, plaintiff's motion for leave to file an amended complaint is granted. Once plaintiff files his amended complaint, defendants may, if they so choose, renew their motion to dismiss certain claims. Allowing the amendment will streamline the litigation, and, ultimately, better allow the court to consider the merits of plaintiff's case. The court makes no finding at this time regarding the purported futility of the amendment, believing it would benefit from briefing on the viability of the claims in plaintiff's amended complaint, if indeed defendants renew their motion to dismiss.

The court grants plaintiff's motion for leave to file an amended complaint, and therefore denies defendants' motion for judgment on the pleadings. This resolves the motions numbered 13 and 22.

SO ORDERED.

Dated: New York, New York
November 13, 2015

Thomas P. Griesa
U.S. District Judge