USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 2-16-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHONE BROWN,

Plaintiff,

– against –

THE CITY OF NEW YORK, *et al.*,

Defendants.

13-cv-6912 (TPG)

**OPINION**

Before the court is plaintiff Shone Brown's motion for reconsideration of the court's August 19, 2014 order bifurcating plaintiff's *Monell* claim. For the reasons that follow, the motion is denied.

**Background**

On September 30, 2013, plaintiff Shone Brown commenced this action alleging violations of his constitutional and common law rights in connection with an incident that he alleges occurred on July 15, 2012, while he was a pretrial detainee at the George Motchan Detention Center, a New York City Department of Correction ("DOC") facility on Rikers Island. Plaintiff alleges that he was seriously injured when he was attacked by four inmates who were members of the Bloods gang, and that correction officers watched plaintiff being assaulted for twenty minutes without intervening and then prepared false reports related to the incident. Among the claims asserted by plaintiff is a claim against

the City for municipal liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

On August 19, 2014, the court held an unrecorded initial pre-trial conference. During that conference, the court, *sua sponte*, directed that plaintiff's *Monell* claim be bifurcated and discovery related to the *Monell* claim be stayed.

On July 21, 2015, plaintiff filed a motion, pursuant to Federal Rule of Civil Procedure 60(b), asking the court to reconsider, and, upon reconsideration, to vacate, the court's August 19, 2014 order bifurcating plaintiff's *Monell* claim. Defendants' oppose the motion.

**Discussion**

Plaintiff's motion is construed as a motion for reconsideration pursuant to Rule 6.3 of the Local Civil Rules of the Southern and Eastern Districts of New York, and not as a motion for relief pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) provides that, on motion, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six enumerated reasons, including "any other reason that justifies relief." The order that plaintiff asks the court to reconsider was not a "final" order within the meaning of Rule 60(b). *See N. v. Ford Motor Co.*, No. 2:00-cv-958, 2007 WL 391578, at *1 (D. Utah Feb. 1, 2007). *Cf. In re Master Key Antitrust Litig.*, 528 F.2d 5, 14 (2d Cir. 1975). The interlocutory order issued by this court on

August 19, 2014 simply bifurcated the plaintiff's claims and stayed certain discovery.  In essence, the non-dispositive, pretrial order governed the sequence of events in the case.  The order was not a final order, and therefore Rule 60(b) is inapplicable here.

Plaintiff's motion for reconsideration is more properly construed as a motion under Local Civil Rule 6.3.  Local Civil Rule 6.3 allows a party, on motion, to seek "reconsideration or reargument of a court order determining a motion."  While here, the court's August 19, 2014 order did not directly determine a motion, but rather bifurcated plaintiff's *Monell* claim *sua sponte*, the court finds that Local Civil Rule 6.3 still applies.  Therefore, plaintiff could have sought reconsideration "within fourteen (14) days after the entry of the Court's determination."

The problem for plaintiff is that he did not file his motion for reconsideration until *eleven months* after the court's order.  Plaintiff's motion is thus untimely.

It is also true that the motion is without merit.  Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  "The Court has broad discretion to order bifurcation." *Busch v. City of New York*, No. 00-cv-5211, 2002 WL 31051589, at *2 (E.D.N.Y. Sept. 9, 2002).

"Courts in this Circuit favor bifurcating *Monell* claims." *Mineo v. City of New York*, No. 09-cv-2261, 2013 WL 1334322, at *1 (E.D.N.Y. Mar. 29, 2013). This practice makes sense, because in order to establish liability against municipal defendants in a *Monell* claim, a plaintiff must prove both that he suffered a constitutional violation and that the constitutional harm suffered was a result of a municipal policy or custom. *Monell*, 436 U.S. at 694–95. Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants. Further, despite plaintiff's claims, courts have ordered bifurcation even when the individual defendants may assert a defense of qualified immunity such that a finding in their favor does not necessarily dispose of the *Monell* claim. *See Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992). Thus, the court had ample justification for its August 19, 2014 order bifurcating plaintiff's *Monell* claim and staying discovery on that claim.

**Conclusion**

Plaintiff's motion for reconsideration of the court's August 19, 2014 order bifurcating plaintiff's *Monell* claim is denied. This opinion resolves the motions numbered 34 and 42 on the docket.

SO ORDERED.

Dated: New York, New York
February 16, 2016

Thomas P. Griesa
U.S. District Judge